UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS BATES STUMPF,

                Plaintiff,

       v.

JEFFREY COOLEY, LINDA
MAYWALT, OLIVIA CHRISTMAN, and
WONISHA GREENLEE,

                Defendants.
_____

**DECISION AND ORDER**

6:21-CV-06248 EAW

## INTRODUCTION

*Pro se* plaintiff Nicholas Bates Stumpf ("Plaintiff") commenced the instant action by alleging violations of his civil rights against several individuals, including the defendants, in connection with child custody proceedings. (Dkt. 1). The Court has entered two prior Decisions and Orders in this case, granting Plaintiff leave to proceed *in forma pauperis*[1] and reviewing Plaintiff's amended complaint (Dkt. 3) and second amended complaint (Dkt. 7) pursuant to 28 U.S.C. § 1915(e)(2) (Dkt. 6; Dkt. 10).[2] In its most recent Decision and Order, the Court dismissed with prejudice all of Plaintiff's claims except his

---

[1] Plaintiff has filed a further motion to proceed *in forma pauperis*. (Dkt. 12). Because Plaintiff has already been granted leave to proceed *in forma pauperis*, this motion is denied as moot.

[2] Familiarity with the Court's previous Decisions and Orders is assumed for purposes of the instant Decision and Order.

due process claim, which he was afforded a further opportunity to amend. (*See* Dkt. 10 at 6-13).

Plaintiff has now filed a third amended complaint. (Dkt. 11). In direct contravention of the Court's prior Decision and Order, Plaintiff has included in his third amended complaint his non-due process claims. (*See id*. at 3). Because Plaintiff has offered no reason for the Court to revisit its prior dismissal with prejudice of his non-due process claims, those claims are again dismissed with prejudice. *See, e.g., Syfert v. City of Rome*, No. 6:17-CV-0578 GTSTWD, 2018 WL 3121611, at *3 (N.D.N.Y. Feb. 12, 2018) ("[T]o the extent the amended complaint repleads Plaintiff's . . . [claims] which were *sua sponte* dismissed with prejudice, such claims are not properly before the Court and will not be considered upon initial review."), *adopted*, 2018 WL 2316681 (N.D.N.Y. May 22, 2018), *aff'd*, 768 F. App'x 66 (2d Cir. 2019).

As to Plaintiff's potential due process claim, the Court has reviewed it as required by § 1915(e)(2) and determines that Plaintiff has stated a procedural due process claim as to defendants Jeffrey Cooley and Wonisha Greenlee. The Court further finds that Plaintiff has not stated a procedural due process claim as to defendants Linda Maywalt or Olivia Christman, and that he has not stated a substantive due process claim as to any of the defendants.

## BACKGROUND

The Court summarizes below the allegations in the third amended complaint relevant to Plaintiff's due process claim. As is required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

As noted above, Plaintiff's claims stem from Defendants' involvement in state court custody proceedings concerning his son and daughter. Plaintiff alleges that on May 11, 2020, defendant Cooley, a CPS Case Supervisor, and defendant Christman, a former CPS caseworker, "responded to a mandated report inquiry to child protection about a traffic stop that the plaintiff's minor daughter was involved in to where a violation of possession of a controlled substance was present." (Dkt. 11 at 3). According to Plaintiff, Cooley and Christman entered his home in Hamlin, New York, through a closed door and without permission. (*Id.*). Plaintiff was cooperative and answered questions about the traffic stop and the CPS report, and explained that "he had removed the suspected neglectful parent [*i.e.* the children's mother] from the home the night before once he was aware of the traffic stop." (*Id.*). He further explained that he had allowed the mother to be alone with their daughter because he believed she was in treatment at a local methadone treatment. (*Id.*). Cooley nevertheless performed an "unwarranted and unvoluntary illegal search" of Plaintiff's home, and then told Plaintiff that he had to voluntarily bring the children to a family member's home, and that if he did not cooperate, the children would be removed by the police and placed into a foster home. (*Id.* at 4). Plaintiff then took the children to their maternal great-grandfather's home for 24 hours, in his personal vehicle. (*Id.*).

Plaintiff contacted his personal attorney, who advised him to "politely pick the children back up . . . after still receiving no court orders[.]" (*Id.*). After Plaintiff retrieved his children from their great-grandfather's house, he was contacted by Monroe County Sheriff's Deputies, who stated that the children were in the emergency custody of their great-grandfather and were not supposed to be removed. (*Id.*). Plaintiff "explained that

there was no legal documentation produced as of that time and that the removal was voluntary, and that the children were safe with him at his business eating pizza and watching television." (*Id*.).

Cooley then ordered the police to remove the children from Plaintiff's place of business, despite there being "no reason or imminent danger present" and "lacking a judge[']s order to do so." (*Id*.). The police came to Plaintiff's business and "forced" him to "sign a voluntary turn over of the children," who were "taken into an undisclosed location into NYS foster care for the next 48 hours[.]" (*Id*.). The police were accompanied by defendant Greenlee. (*Id*. at 5). According to Plaintiff, the children were removed from his custody for "72 hours until court decision . . . had the children removed from foster care and returned to the temporary residency of the great grandfather and his girlfriend." (*Id*.).

With respect to defendant Maywalt, Plaintiff's factual allegations are unrelated to any due process claim. (*Id*.).

"After a year of court dates and once a week visits with the children, the plaintiff was given his children immediately back by Family court Judge James Vazzana after a short 15 minute trial[.]" (*Id*. at 4).

## DISCUSSION

### I. Legal Standards

#### A. Screening Order

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL

1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, No. 6:17-CV-06121(MAT), 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

B.  **Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

II.  **Analysis**

As set forth above, the only claim that Plaintiff has been permitted to include in the third amended complaint is a due process claim. The Court accordingly must consider

whether Plaintiff's factual allegations are sufficient to state a claim for violation of either procedural or substantive due process.

A procedural due process claim has two elements: "(1) the existence of a property or liberty interest that was deprived; and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dept.*, 692 F.3d 202, 218 (2d Cir. 2012). "Parents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). "As a general rule, therefore, before parents may be deprived of the care, custody or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them." *Id*. However, in emergency circumstances, "a child may be taken into custody by a responsible State official without court authorization or parental consent." *Id*. In this context, "[e]mergency circumstances mean circumstances in which the child is immediately threatened with harm[.]" *Id*. (citation omitted).

Accepting Plaintiff's allegations as true, the Court finds that he has stated a claim for violation of his right to procedural due process as to defendants Cooley and Greenlee. In particular, Plaintiff has plausibly alleged that Cooley and Greenlee deprived him of the custody of his children without due process on May 12, 2020, by causing the police to remove his children and place them into foster care for 72 hours, despite having no court order and the children not being in any immediate danger. Further, while Plaintiff alleges that he signed a "voluntary turn over" of his children on this date, he claims to have been forced to sign this document against his will. Accepting this allegation as true and drawing

all inferences in Plaintiff's favor, these facts are sufficient to allow Plaintiff's procedural due process claim against Cooley and Greenlee to proceed.

However, Plaintiff has not stated a viable procedural due process claim against defendants Christman and Maywalt. As to Christman, Plaintiff has not alleged that his children were removed from his custody on May 11, 2020, the only date on which Christman is alleged to have been involved in the relevant events. Instead, he alleges that he voluntarily took the children to their great-grandfather's house in his personal vehicle on that date. And the factual allegations against Maywalt occurred after the children had been removed from his custody and are unrelated to a potential due process claim. Plaintiff's procedural due process claim against Christman and Maywalt is accordingly dismissed.

With respect to a substantive due process claim, to prevail on such a claim, Plaintiff must allege that his separation from his children was "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (citation omitted). "Absent truly extraordinary circumstances, a brief deprivation of custody is insufficient to state a substantive due process custody claim." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011). Plaintiff has alleged that his children were placed into foster care for 72 hours, before a court hearing occurred. He has not alleged the "truly extraordinary circumstances," *id.*, that would be necessary for this brief deprivation of custody to amount to a substantive due process violation. *See Southerland v. City of New York*, 680 F.3d 127, 154 (2d Cir. 2012) (four-day removal of

- 7 -

children prior to court hearing "was not so long as to constitute a denial of substantive due process to" the plaintiff).

Further, while Plaintiff alleges that the children were thereafter returned to the custody of their great-grandfather for a year pursuant to a court order, he has alleged no basis for attributing that separation to the named defendants. *See id*. at 153 ("[O]nce . . . court confirmation of the basis for removal is obtained, any liability for the continuation of the allegedly wrongful separation of parent and child can no longer be attributed to the officer who removed the child[.]" (quotation and citation omitted)). Plaintiff cannot pursue a substantive due process claim against Defendants on this basis.

In sum, Plaintiff will be permitted to proceed to service with respect to his procedural due process claim against Cooley and Greenlee. All other claims contained in the third amended complaint (Dkt. 11) are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's procedural due process claim against Cooley and Greenlee may proceed to service. All other claims set forth in the third amended complaint are dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 12) is denied as moot, because Plaintiff has already been granted leave to proceed *in forma pauperis* (Dkt. 6); and it is further

ORDERED that Plaintiff's procedural due process claim against defendants Cooley and Greenlee may proceed to service;

ORDERED that all other claims in Plaintiff's third amended complaint are dismissed with prejudice;

ORDERED that the Clerk of Court shall terminate defendants Christman and Maywalt as parties to this action;

ORDERED that the Clerk of Court is directed to issue summonses and to cause the United States Marshals Service to serve copies of the summons, complaint, and this Order on defendants Cooley and Greenlee without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   April 3, 2024
         Rochester, New York