UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS BATES STUMPF,

                  Plaintiff,

    v.

JEFFREY COOLEY and
WONISHA-ANN GREELEE,

                  Defendants.
_____

DECISION & ORDER

21-CV-6248EAW

On March 17, 2021, *pro se* plaintiff Nicholas Stumpf commenced this action alleging violations of his civil rights by defendants. (Docket # 1). Plaintiff, who is currently incarcerated, was granted leave to proceed *in forma pauperis* and subsequently filed an amended complaint. (Docket ## 6, 11). On June 24, 2024, he filed the pending motion for appointment of counsel. (Docket # 20). For the reasons discussed below, his motion is denied.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although plaintiff contends that he should be assigned counsel because he is "not an attorney and [will be] arguing

a case [against] a County Attorney who is far more trained and experienced" than he is (Docket # 20), the legal issues in this case, which relate to a procedural due process claim against defendants Cooley and Greenlee, do not appear to be complex. Plaintiff has filed a complaint and an amended complaint, as well as motions for appointment of counsel and IFP status (Docket ## 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 20), demonstrating his ability to seek court intervention when he believes it is warranted. That he is incarcerated does not, standing alone, warrant appointment of counsel. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017). Finally, plaintiff's case does not present any other special reasons justifying assignment of counsel.

On this record, plaintiff's request for appointment of counsel **(Docket # 20)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
           July 23, 2024