UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS BATES STUMPF,

                    Plaintiff,

        v.

JEFFREY COOLEY and
WONISHA-ANN GREENLEE,

                    Defendants.
_____

**DECISION AND ORDER**

21-CV-6248 CDH

## BACKGROUND

*Pro se* plaintiff Nicholas Bates Stumpf ("Plaintiff") has asserted a procedural due process claim under 42 U.S.C. § 1983 against defendants Jeffrey Cooley and Wonisha-Ann Greenlee ("Defendants"). As previously summarized by the Court, Plaintiff alleges that Defendants "deprived him of the custody of his children without due process on May 12, 2020, by causing the police to remove his children and place them into foster care for 72 hours, despite having no court order and the children not being in any immediate danger." (Dkt. 13 at 6).

This Decision and Order addresses several motions that are currently pending before the Court. First, Plaintiff has filed multiple motions to appoint counsel. (Dkt. 31; Dkt. 35; Dkt. 43; Dkt. 44 at 5). Plaintiff has also filed a motion to strike (Dkt. 35), a motion to extend the existing scheduling deadlines (Dkt. 41), a motion to proceed with his original complaint (Dkt. 44 at 5), a motion requesting a copy of his third amended complaint (Dkt. 46), and a motion requesting a pretrial conference (Dkt. 47). In addition, Defendants have filed a motion to take Plaintiff's deposition pursuant to

Federal Rule of Civil Procedure 30(a)(2)(B) (Dkt. 39) and their own motion for an extension of the scheduling deadlines (Dkt. 48).

At the outset of this matter, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2). (*See* Dkt. 6; Dkt. 10; Dkt. 13). Plaintiff was permitted to proceed to service on a claim that Defendants violated his right to procedural due process. (Dkt. 13 at 6). All Plaintiff's other claims were dismissed with prejudice. (Dkt. 13 at 8). The operative pleading is the third amended complaint filed on July 26, 2023. (Dkt. 11).

The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 on July 25, 2024. (Dkt. 25). This case was transferred to the undersigned on January 8, 2025. (Dkt. 28).

On September 12, 2025, Defendants filed their opposition to Plaintiff's motion to extend the existing scheduling deadlines, arguing that the Court should deny the motion and issue sanctions against Plaintiff because he "has not consulted with Defendants, submitted a joint motion, [] shown good cause for any extension," has violated Rules 11 and 26, and has refused to accept legal mail. (Dkt. 42 at 2-6). Defendants have not opposed any of Plaintiff's other motions.

For the reasons that follow, Plaintiff's motions to appoint counsel are denied without prejudice; Plaintiff's motion to strike, Plaintiff's motion to proceed with his original complaint, and Plaintiff's motion requesting a pretrial conference are denied; Plaintiff's motion requesting a copy of his third amended complaint is denied as moot; and Plaintiff's motion to extend the scheduling deadlines is granted. The Court provisionally grants Defendants' motion to depose Plaintiff, pending their compliance

with the directives set forth below, and denies as moot Defendants' motion for an extension of the scheduling deadlines.

## DISCUSSION

### I. Motions to Appoint Counsel

#### A. Legal Standard

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58,

- 3 -

61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

### B. Plaintiff's Motions for Counsel are Denied

Plaintiff has four motions for appointment of counsel currently pending before the Court (Dkt. 31; Dkt. 35; Dkt. 43; Dkt. 44 at 5), and has included his request for appointed counsel in other filings (*see, e.g.,* Dkt. 41 at 1). Plaintiff argues that counsel should be appointed because he cannot afford an attorney (Dkt. 31 at ¶ 2; Dkt. 41 at 1; Dkt. 43 at 1), incarceration frustrates his ability to litigate this case (Dkt. 31 at ¶ 3; Dkt. 43 at 2), appointed counsel will ensure fair proceedings (Dkt. 31 at ¶ 4; Dkt. 43 at 2; Dkt. 44 at 5), Plaintiff lacks the legal expertise necessary to litigate his case (Dkt. 31 at ¶ 5; *see also* Dkt. 35 at 1; Dkt. 41 at 1; Dkt. 43 at 2), and Defendants are represented by two experienced attorneys,[1] thus creating an imbalance in representation and suggesting that his case is "complex" and "complicated even for an experienced attorney" (Dkt. 43 at 2; *see also* Dkt. 35 at 1; Dkt. 41 at 1).

As a preliminary matter, the Court determines that Plaintiff has not demonstrated that his remaining claim is likely to be of substance. As Plaintiff

---

[1]  When Plaintiff filed two of his four motions for appointment of counsel, there were two attorneys appearing on behalf of Defendants. However, one of those attorneys subsequently withdrew. (*See* Dkt. 45).

acknowledges (*see* Dkt. 43 at 2), he has been unable to serve any discovery on Defendants and so possesses limited evidence supporting his claim. *See James v. Osbourne*, No. 11-CV-4182 NGG, 2012 WL 4849131, at *7 (E.D.N.Y. Apr. 18, 2012), ("[The plaintiff's] allegations have not been tested through discovery because little or no discovery has occurred to date; thus, the Court cannot begin to determine whether his claims have merit or are even likely to be of substance.") (quotation omitted), *adopted,* 2012 WL 4849160 (E.D.N.Y. Oct. 11, 2012). While Plaintiff's remaining claim has survived the Court's initial screening process, that process requires the Court to accept as true all of Plaintiff's factual allegations and to draw all inferences in his favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Plaintiff's claim surviving screening does not in and of itself indicate it is likely to be of substance. *See Raynor v. Erfe*, No. 3:20-CV-1102(VLB), 2022 WL 972441, at *3 (D. Conn. Mar. 31, 2022) ("a complaint that survives initial review under § 1915A does not mean the indigent's position is likely to be of substance warranting appointment of counsel"). Further, the record before the Court indicates no substantial change in circumstances since the Court issued a prior Decision and Order denying Plaintiff's second motion for appointed counsel. (*See* Dkt. 23 at 2-3).

Because Plaintiff has failed to demonstrate that his claims are likely to be of substance, the Court need not evaluate the remaining factors listed above. Nevertheless, the Court notes that Plaintiff has, thus far, demonstrated the "ability to understand and handle the litigation." *Griggs v. Schmauss*, 668 F. Supp. 3d 168, 172 (W.D.N.Y. 2023). Further, and as the Court has previously noted, Plaintiff's remaining procedural due process claim does not appear to present complex legal issues. (*See* Dkt.

23 at 3). In addition, the Court cannot identify any special reasons why appointment of counsel would lead to a more just determination of this case.

Accordingly, Plaintiff's pending motions for appointment of counsel (Dkt. 31; Dkt. 35; Dkt. 43; Dkt. 44 at 5) are denied without prejudice. While Plaintiff may file a future motion for appointment of counsel, any such request must take the form of a standalone motion, rather than an addendum to another filing. Additionally, any future motion for appointed counsel should set forth some new grounds or circumstances justifying a change to the Court's present ruling. Arguments that Plaintiff cannot afford an attorney, that incarceration impedes his ability to litigate, that appointed counsel will ensure fair proceedings, that Plaintiff lacks the legal knowledge necessary to properly litigate his case, or that Defendants being represented by attorneys creates an imbalance in representation would not constitute new grounds justifying the appointment of counsel. *See, e.g., Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746 (KMK), 2025 WL 2208727, *2 (S.D.N.Y. Aug. 4, 2025) (A "plaintiff's indigence is insufficient to entitle him to counsel in civil cases."); *Recant v. Day*, No. 24-CV-4117 (JHR) (RFT), 2025 WL 457881, at *2 (S.D.N.Y. Feb. 11, 2025) ("To the extent that Plaintiff is suggesting that she lacks the legal expertise to litigate this case, a lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel.") (quotation omitted); (Dkt. 23 at 3) ("That [Plaintiff] is incarcerated does not, standing alone, warrant appointment of counsel.").

## II. **Plaintiff's Motion to Strike**

Plaintiff has filed a motion referencing "an issue with the current items submitted to this court to be part of the discovery in this case" and asking that "the

material entered by the defense as information to support their defense be stricken from this case and the discovery." (Dkt. 35 at 1). Plaintiff argues that "[a]ll of the papers filed on the defense's behalf" should be stricken because they "all post date[] the date the alleged violations occurred[,] which was May 11, 2020 . . . and cannot be used in trial and could sway a jury[.]" (*Id.*).

The record shows that as of April 21, 2025, the filing date of Plaintiff's motion to strike, Defendants' only filings were an answer to Plaintiff's third amended complaint (Dkt. 18), a stipulation to the selection of a mediator (Dkt. 24), Rule 26 disclosures (Dkt 27), and a consent motion for an extension of time to complete discovery (Dkt. 32). While Plaintiff claims that "[t]he information entered is dated for May 13th, May 14th, 2020, and March 18th, 2021" (Dkt. 35 at 1), none of Defendants' aforementioned filings contain such dates. For this reason, the Court is unable to identify what "information" or "material entered by the defense" Plaintiff seeks to strike.

Insofar as Plaintiff seeks to strike unspecified discovery materials, he points to no legal authority that would permit the Court to strike such materials. "The closest applicable procedural rule is [Rule 12(f)], which authorizes the court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Coon v. Sw. Vermont Med. Ctr.*, No. 2:13-CV-182, 2014 WL 3895221, at *3 (D. Vt. Aug. 7, 2014) (quoting Fed. R. Civ. P. 12(f)). However, Rule 12(f) does not apply to materials provided in the course of discovery, since they are not part of any pleading. *Id.*; *see also Morris v. Rabsatt*, No. 9:10-CV-0041 MAD/GHL, 2012 WL 976035, at *8 (N.D.N.Y. Jan. 31, 2012) (denying motion to strike "documents . . .

provided as part of the discovery process" because such documents "are not part of a pleading"), *adopted*, 2012 WL 975890 (N.D.N.Y. Mar. 22, 2012). To the extent that Plaintiff seeks to strike information from Defendants' answer (notwithstanding the fact that his motion refers to materials submitted in connection with discovery), he does not explain—and the Court cannot discern—how any of the material therein is redundant, immaterial, impertinent, or scandalous.

Even if the Court could identify the material Plaintiff is referring to, his assertion that Defendants' papers contain information that would be inadmissible at trial does not justify granting a motion to strike. The scope of information exchanged between parties in discovery is not limited to what would be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Likewise, the "Court cannot, and need not, decide on the basis of the pleadings alone whether . . . allegations would be admissible at trial." *Gregory Wayne Designs, LLC v. Lowry*, No. 24 CIV. 2109 (PAE), 2024 WL 3518584, at *9 (S.D.N.Y. July 24, 2024) (quotation and alteration in original omitted). "Any concerns that the jury may be improperly swayed by [certain] allegations can be addressed, if necessary, prior to trial." *Gierlinger v. Town of Brant*, No. 13-CV-00370 AM, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015). At such time, Plaintiff can raise any of his concerns regarding admissibility through a motion in limine. *See Brockhaus v. Gallego Basteri*, No. 15-CV-2707 (KBF), 2015 WL 13882382, at *1 (S.D.N.Y. Nov. 20, 2015) ("The purpose of a motion in limine is to allow the trial court to rule on the

admissibility and relevance of certain anticipated evidence before that evidence is actually offered at trial.").

For these reasons, Plaintiff's motion to strike (Dkt. 35) is denied.

### III. Defendants' Motion to Take a Deposition

#### A. Legal Standard

Under Rule 30(a)(2)(B), "[a] party must obtain leave of court" to conduct a deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). The extent of the court's leave must be consistent with Rule 26(b)(1), which generally permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 30(a)(2); Fed. R. Civ. P. 26(b)(1). Typically, "[l]eave to depose a prisoner should be granted unless the objecting party shows that the deposition would be unreasonably cumulative or duplicative, the party seeking the deposition has had ample opportunity to obtain the information sought, or the burden or expense of the deposition outweighs its likely benefit." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2019 WL 654293, at *12 (Bankr. S.D.N.Y. Feb. 15, 2019).

Under Rule 30(b)(4), "the court may on motion order . . . that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "A court . . . has considerable discretion in considering an application for a remote deposition." *U.S. v. M/Y Amadea*, No. 23 CIV. 9304 (DEH), 2024 WL 4799887 at *4 (S.D.N.Y. Nov. 15, 2024).

### B.   Defendants' Motion to Depose Plaintiff is Provisionally Granted

Defendants make a motion pursuant to Rule 30(a)(2)(B) asking the Court to (1) grant them leave to depose Plaintiff virtually or telephonically, and (2) sign their attached draft order to produce Plaintiff for a deposition. (Dkt. 39 at 1). According to Defendants, staff at Groveland Correctional Facility (where Plaintiff is currently incarcerated) told defense counsel "that a court-issued Order to Produce, like the attached [draft order], is required to arrange a virtual deposition for one of its inmates." (*Id.* at 2).

Plaintiff has not responded to Defendants' motion and the Court sees no basis not to grant it. However, the Court is not inclined to sign the draft order to produce submitted by Defendants because they have not clearly explained if and/or why the Court must issue an order to produce that does not set a specific date and time for Plaintiff's deposition. Accordingly, within 30 days of entry of this Decision and Order, Defendants must either (1) refile their proposed order to produce including a date and time for Plaintiff's deposition or (2) forward, or request that Groveland Correctional Facility send, the Court written confirmation from the facility that it requires a signed order to produce *before* a date and time for Plaintiff's deposition can be set.

### IV.   The Parties' Scheduling-Related Motions

On September 11, 2025, Plaintiff filed a motion to extend the existing scheduling deadlines. (Dkt. 41). Defendants filed an opposition to that motion. (Dkt. 42). But on February 26, 2026, during the pendency of Plaintiff's motion, Defendants filed their own motion requesting an extension of the scheduling deadlines. (Dkt. 48).

In opposing Plaintiff's relatively benign motion, Defendants raise a series of

complex factual and legal arguments (which Plaintiff refutes (*see* Dkt. 44 at 1-3)) regarding "a video apparently uploaded to YouTube by Plaintiff on May 16, 2020," as well as Plaintiff's alleged violation of Rules 11 and 26. (Dkt. 42 at 3-6; *see also* Dkt. 42-1 at 31-39). The Court declines to address these arguments at this time as they have not been appropriately raised in a standalone motion complete with supporting legal authority.[2]

The deadline to complete fact discovery expired on October 14, 2025. (*See* Dkt. 34 at 1). It is apparent that the parties were not able to complete fact discovery by that time, in part because of the time it took the Court to resolve the motions addressed herein. Under these circumstances, the Court finds an extension of the scheduling deadlines is appropriate.

Accordingly, the Court finds good cause to extend the existing scheduling deadlines. An amended scheduling order will follow issuance of this Decision and Order.

Plaintiff has also filed a motion to schedule a pretrial conference (Dkt. 47),

---

[2] Defendants have conveyed "doubts as to whether Plaintiff will respond to [their] discovery demands" because the envelope containing Defendants' motion for leave to depose was returned stamped with the words "INMATE REFUSES TO ACCEPT LEGAL MAIL[.]" (Dkt. 42 at 6; Dkt. 42-1 at 41). The record indicates that, despite this stamp, Plaintiff is reviewing Defendants' legal correspondence. (Dkt. 44 at 1-3 (refuting Defendants' factual assertions regarding "security footage that [Plaintiff] posted to [his] Youtube channel on May 16th, 2020"). To the extent that any discovery disputes come up in the future, the parties are directed to the undersigned's individual preferences available on the Court's website at https://www.nywd.uscourts.gov/content/hon-colleen-d-holland, which provide that if a discovery dispute arises, they must advise the Court of the dispute via letter before engaging in motion practice.

referencing the directive set forth in the operative Amended Scheduling Order that the parties notify the Court if no dispositive motions are filed (*see* Dkt. 34 at 2). But as discussed above, the Court is extending the scheduling deadlines, including the deadline to file dispositive motions. For this reason, a pretrial conference is not appropriate at this time, and Plaintiff's request for a pretrial conference is denied.

## V. Plaintiff's Motion to Proceed with the Original Complaint[3]

### A. Legal Standard

"The Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration.'" *Neubecker v. N.Y. State*, 387 F. Supp. 3d 302, 303 (W.D.N.Y. 2019). Courts may construe motions for reconsideration "as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* (quotation omitted). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

### B. Plaintiff's Motion for Reconsideration is Denied

---

[3] While Plaintiff has denoted this motion as one to proceed with his original complaint, for reasons set forth below, the Court finds the motion appropriately construed as one for reconsideration.

Plaintiff's September 22, 2025 motion (Dkt. 44), docketed as a motion to proceed with his original complaint and to appoint counsel, consists largely of a counternarrative refuting Defendants' assertions about the YouTube video referenced above (*Id.* at 1-3). Plaintiff also refers to his "multiple complaints" (*id.* at 3) and asks for the Court to "see merit in [his] original complaints" (*id.* at 5). To the extent that Plaintiff's motion seeks to revisit allegations made in his previous amended complaints, the Court construes it as a motion for reconsideration of Chief Judge Wolford's April 3, 2024 Decision and Order, which allowed only Plaintiff's procedural due process claim against Defendants to proceed to service. (*See* Dkt. 13).

Plaintiff's motion, however, does not satisfy the strict standard for reconsideration. Plaintiff "points to no change in controlling law, authority that was overlooked in the order, or newly discovered evidence." *Saavedra v. Montoya*, No. 21-CV-5418(EK)(VMS), 2024 WL 5451132, at *2 (E.D.N.Y. Oct. 29, 2024). The Court also finds no manifest injustice in the April 3, 2024 Decision and Order.

The Court therefore denies Plaintiff's motion to proceed with the original complaint (Dkt. 44).[4]

## VI. Plaintiff's Motion Requesting a Copy of the Third Amended Complaint

---

[4] Plaintiff also filed a letter on March 12, 2026, which includes a request that the Court allow him to amend his complaint. (Dkt. 49 at 4). This request is denied. If Plaintiff wants to amend his complaint, he must make that request in a standalone motion. The motion must comply with Local Rule of Civil Procedure 15, which requires that "[a] movant seeking to amend . . . must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference." Loc. R. Civ. P. 15(a).

On February 25, 2026, the Court received a letter from Plaintiff requesting that the Court direct the Clerk of Court's Office to send Plaintiff a copy of his third amended complaint. (Dkt. 46). Plaintiff says he has no access to the complaint due to his incarceration. (*Id.* at 1).

However, in Defendants' February 26, 2026 motion for an extension of the scheduling deadlines (Dkt. 48), defense counsel stated that he would be "sending the Plaintiff a copy of the third amended complaint, as [Plaintiff] requested." Defense counsel represented that he was sending Plaintiff the third amended complaint "today," *i.e.*, February 26th. (*Id.*).

Because defense counsel has represented that he has sent Plaintiff a copy of his third amended complaint, Plaintiff's motion requesting the same from the Court (Dkt. 46) is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to appoint counsel (Dkt. 31; Dkt. 35; Dkt. 43; Dkt. 44 at 5) are denied without prejudice. Any future request for appointed counsel must take the form of a standalone motion that sets forth new grounds or circumstances that have not have already been considered by the Court, as discussed above.

The Court provisionally grants Defendants' motion to depose Plaintiff (Dkt. 39), but requires that Defendants, within 30 days of entry of this Decision and Order, (1) refile their proposed order to produce including a date and time for Plaintiff's deposition or (2) forward, or request that Groveland Correctional Facility send, the

- 15 -

Court written confirmation from the facility that it requires a signed order to produce *before* a date and time for Plaintiff's deposition can be set.

Plaintiff's motion to extend the scheduling deadlines (Dkt. 41) is granted, and Defendants' motion requesting the same (Dkt. 48) is denied as moot. An amended scheduling order will follow issuance of this Decision and Order.

Plaintiff's motion to strike (Dkt. 35), Plaintiff's motion to proceed with his original complaint (Dkt. 44), and Plaintiff's motion for a pretrial conference (Dkt. 47) are denied. Plaintiff's motion requesting a copy of the third amended complaint (Dkt. 46) is denied as moot.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:  Rochester, New York
        March 13, 2026